UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERRICK MARTINEZ-JOHNSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:17-cv-00081-JMS-DKL |
| SUPERINTENDENT OF WVCF, | ) ) ) |
| Respondent. | ) ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Derrick Martinez-Johnson for a writ of habeas corpus challenges his placement in administrative segregation since October 24, 2016, as a result of a finding by the North Side Board of Directors ("NSBOD") of Wabash Valley Correctional Facility. The petition is **denied** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.* This disposition is based on the following facts and circumstances:

1. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see also Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3. "[A] prisoner challenging the fact or duration of his confinement must seek habeas corpus relief; a prisoner challenging a condition of his confinement, by contrast, must

seek relief under 42 U.S.C. § 1983." *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). Mr. Martinez-Johnson alleges that the NSBOD violated his rights to equal protection when it classified him in a way that placed him on administrative segregation in the Secured Housing Unit. This is not a case in which the petitioner was deprived of earned credit time or was demoted to a lower credit earning class. This classification determination did not affect the fact or anticipated duration of Mr. Martinez-Johnson's confinement, and thus it is not sufficient to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). Rather, he is challenging the conditions of his confinement. This type of claim is not properly brought in a habeas petition.

4. A sanction that does not subject an offender to "custody" cannot be challenged in an action for habeas corpus relief. *Cochran,* 381 F.3d at 639. When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery,* 262 F.3d at 644.

5. Because Mr. Martinez-Johnson's habeas petition shows that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>February 15, 2017</u>

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DERRICK MARTINEZ-JOHNSON, #120965
WABASH VALLEY CORRECTIONAL FACILITY
Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838